

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00509-CR

JOEL AGUIRRE                                                    APPELLANT

V.

THE STATE OF TEXAS                                        STATE

----------

## FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Joel Aguirre appeals his felony convictions and sentences for two counts of aggravated assault with a deadly weapon.

Appellant pled guilty to both counts in exchange for the State's agreement to drop the repeat offender notice in the indictment, thus reducing the punishment range and maximum confinement on each count (from five-to-ninety-

---

[1]*See* Tex. R. App. P. 47.4.

nine years to two-to-twenty years) and creating a charge-bargain agreement between the State and appellant. *See Shankle v. State*, 119 S.W.3d 808, 813–14 (Tex. Crim. App. 2003). The jury heard the punishment evidence and assessed his punishment at twenty years' confinement for each offense.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion under *Anders v. California*. 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding). We gave appellant an opportunity to file a pro se response, in which he contends that his trial counsel was ineffective. The State has not filed a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we are obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, and appellant's pro se response. We agree with counsel that the appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the

2

appeal.[2]  *See Bledsoe v.* State, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005);

*see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).  We

grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL:  LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 14, 2013

---

[2]Although this case involved a plea bargain, because the trial court counseled appellant that he had the right of appeal and because the certification of appellant's right of appeal indicates that he has the right of appeal, we conclude that the trial court gave appellant permission to appeal.  *See* Tex. R. App. P. 25.2(d); *Craven v. State*, Nos. 02-11-00089-CR, 02-11-00090-CR, 2012 WL 2036449, at *1 (Tex. App.—Fort Worth June 7, 2012, pet. ref'd) (mem. op., not designated for publication).